1
2
3
4                              UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7      NITA BATRA, et al.,                        Case No.  18-cv-03752-HSG

8                        Plaintiffs,              **ORDER DENYING MOTION TO
                                                  DISMISS**
9            v.
                                                  Re: Dkt. No. 23
10     POPSUGAR, INC.,

11                       Defendant.

12     **I.    BACKGROUND**

13           On June 25, 2018, Plaintiff Nita Batra filed suit against Defendant POPSUGAR Inc.

14     ("POPSUGAR"), alleging that POPSUGAR: (1) removed and/or altered her copyright

15     management information ("CMI") in violation of Section 1202(b) of the Digital Media Copyright

16     Act ("DMCA"); (2) infringed Plaintiff's copyright in her photographs; (3) misappropriated

17     Plaintiff's likeness and infringed her right of publicity; (4) intentionally interfered with Plaintiff's

18     contractual relationship; (5) made a false or misleading representation in violation of the Lanham

19     Act; and (6) violated the California Unfair Competition Law ("UCL").  Dkt. No. 1 ("Compl.") ¶¶

20     35–72.  Plaintiff alleges class action claims on behalf of "persons with large numbers of followers

21     on social media," also known as "influencers."  *Id.* ¶ 1.  The complaint alleges that POPSUGAR

22     copied thousands of influencers' Instagram images, removed the links in the original pages that

23     allowed the influencers to monetize their following, and reposted the images on its own website

24     without authorization with links that allowed POPSUGAR to profit when users clicked through

25     and purchased items.  *Id.* ¶ 2–3.

26     **II.   LEGAL STANDARD**

27           Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

28     statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

United States District Court
Northern District of California

United States District Court
Northern District of California

1    defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

2    granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  "Dismissal

3    under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or

4    sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*,

5    521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead

6    "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

7    550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content

8    that allows the court to draw the reasonable inference that the defendant is liable for the

9    misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10       In reviewing the plausibility of a complaint, courts "accept factual allegations in the

11   complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

12   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless,

13   Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

14   fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

15   2008).

16   **III.    DISCUSSION**

17       **A.    DMCA Claim**

18       Plaintiff's first cause of action alleges that Defendant violated 17 U.S.C. section 1202(b),

19   which reads in relevant part:

20             No person shall, without the authority of the copyright owner or the
             law--
21             (1) intentionally remove or alter any copyright management
                 information . . .
22             knowing, or, with respect to civil remedies under section 1203,
             having reasonable grounds to know, that it will induce, enable,
23             facilitate, or conceal an infringement of any right under this title.

24   17 U.S.C. § 1202(b)(1).  Section 1202 defines CMI as including, among other categories, "[t]he

25   name of, and other identifying information about, the author of a work."  17 U.S.C. § 1202(c)(2).

26       Defendant contends that Plaintiff's DMCA claim fails because (1) Plaintiff fails to plead

27   that POPSUGAR possessed the requisite mental state to violate Section 1202(b), and (2) Plaintiff

28   does not identify the removed CMI.  Dkt. No. 23 at 7–9.  Defendant cites to *Stevens v. CoreLogic*,

a Ninth Circuit case dealing with a Section 1202(b) claim at the summary judgement phase. 899 F.3d 666 (9th Cir. 2018). The *Stevens* court held that "the 'induce, enable, facilitate or conceal' requirement is intended to limit liability in some fashion—specifically, to instances in which the defendant knows or has a reasonable basis to know that the removal or alteration of CMI or the distribution of works with CMI removed *will* aid infringement." *Id.* at 674–75 (emphasis in original).

The complaint here alleges that:

> Plaintiff's and Class members' Instagram posts featured CMI. Instagram posts typically show a photograph on the left side of the screen and a sidebar text on the right side. The sidebar features identifying information regarding the author of the photograph, including his or her name and/or link(s) to personal website(s) or other social media sites, such as a personal YouTube channel.
> In copying and republishing the Infringed Images on its own website, Defendant omitted the Instagram sidebar. In doing so, Defendant removed and/or altered CMI associated with the infringed images, which constitutes a violation of the DMCA.

Compl. ¶¶ 37–38.

Plaintiff has sufficiently alleged a violation of section 1202(b). The Instagram sidebar is alleged to include identifying information about Plaintiff that plausibly constitutes CMI under section 1202(c). And the plausible inference from Plaintiff's allegations is that PopSugar removed the CMI from Plaintiff's Instagram posts knowing that removing the CMI would help to conceal the alleged infringement of Plaintiff's images. The Court therefore DENIES Defendant's motion to dismiss Plaintiff's DMCA claim.

## B. Lanham Act Claim

Plaintiff's second cause of action invokes the Lanham Act, which reads in relevant part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person

15 U.S.C. § 1125(a)(1). Defendant contends that Plaintiff has failed to state a Lanham Act claim

United States District Court
Northern District of California

1    because Plaintiff's claim does not allege a misleading representation as to the end products sold to

2    the consumer.  Dkt. No. 23 at 10–11.

3         Plaintiff alleges that "Defendant's use of Plaintiff's and Class members' name falsely

4    implies that Plaintiff and class members sponsor, endorse, or are affiliated with Defendant's goods

5    and services and is likely to cause consumer confusion, and therefore constitutes false advertising

6    and unfair competition."  Compl. ¶ 64.

7         Defendant contends that the only relevant goods or services with respect to the Lanham

8    Act are the products actually purchased by the users after clicking on the links provided on

9    Defendant's site.  Dkt. No. 23 at 10–11.  Defendant cites to *Quadratec, Inc. v. Turn 5, Inc.*, an

10   Eastern District of Pennsylvania case in which the parties sold identical aftermarket auto parts.

11   *See id.* (citing No. CIV.A. 13-6384, 2015 WL 4876314, at *1 (E.D. Pa. Aug. 13, 2015)).  The

12   *Quadratec* court dismissed a false-origin and a false-advertising claim because "[t]here [could] be

13   no confusion as to the origin of these goods, because aftermarket Jeep® products—whether sold

14   by Plaintiff or Defendant—are manufactured by the same source."  *Quadratec*, 2015 WL

15   4876314, at *9.

16        This case is unlike *Quadratec*, where the parties themselves were retailers of the featured

17   products.  *See id.* at *1–2.  Here, Plaintiff alleges that both Plaintiff and POPSUGAR provide an

18   online platform for users to shop for fashion and accessories through other affiliated platforms, by

19   posting "shoppable" images of influencers and products.  Compl ¶¶ 1–2, 9, 13–15; Dkt. No. 31 at

20   10.  Plaintiff has alleged a likelihood of consumer confusion regarding Defendant's service of

21   providing these "shoppable" images.  *See* Dkt. No. 31 at 9–10; Compl. ¶ 64.  This is the relevant

22   likelihood of confusion under Plaintiff's theory, as opposed to confusion regarding the source of

23   the featured goods that a user might or might not actually purchase.  The false impression alleged

24   in the complaint is that Plaintiff endorses or is affiliated with Defendant's service, not that

25   Plaintiff falsely endorses the products themselves.  Compl ¶ 64.  Based on the facts as alleged,

26   Defendant's conduct is misleading in a way "likely to cause confusion . . .  as to the . . .

27   sponsorship, or approval of his or her goods, services, or commercial activities by another

28   person."  *See* 15 U.S.C. § 1125(a)(1).  This is sufficient to state a Lanham Act claim, and the

United States District Court
Northern District of California

4

1    Court therefore DENIES the motion to dismiss that claim.[1]

2        **C.    Copyright Act Preemption**

3        Defendant contends that Plaintiff's right of publicity, contract interference, and UCL

4    claims are preempted by the Copyright Act.  Dkt. No. 23 at 11–18.  The Copyright Act's

5    preemption provision states, in relevant part:

6            On and after January 1, 1978, all legal or equitable rights that are
             equivalent to any of the exclusive rights within the general scope of
7            copyright as specified by section 106 in works of authorship that are
             fixed in a tangible medium of expression and come within the subject
8            matter of copyright as specified by sections 102 and 103, whether
             created before or after that date and whether published or
9            unpublished, are governed exclusively by this title. Thereafter, no
             person is entitled to any such right or equivalent right in any such
10           work under the common law or statutes of any State.

11   17 U.S.C. § 301(a).

12       The Ninth Circuit has "adopted a two-part test, in accordance with section 301 [of the

13   Copyright Act], to determine whether a state law claim is preempted by the Act."  *Maloney v.*

14   *T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (internal citations and quotation marks

15   omitted).  First, courts "decide whether the subject matter of the state law claim falls within the

16   subject matter of copyright as described in 17 U.S.C. §§ 102 and 103.  Second, assuming it does,

17   [courts] determine whether the rights asserted under state law are equivalent to the rights

18   contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright

19   holders."  *Id.* (internal citations and quotation marks omitted).

20       **i.    Discussion**

21       Defendants must first establish that the allegedly misappropriated information "come[s]

22   within the subject matter of copyright as specified by sections 102 and 103."  17. U.S.C. § 301(a).

23   The information "does not necessarily have to be actually protected by a specific copyright or

24   even itself be copyrightable; it just has to be 'within the subject matter' of the Act."  *See Firoozye*

25   _____

26   [1] Defendant additionally contends that Plaintiff's Lanham Act claim fails to comply with the
     heightened pleading standards of Rule 9, which requires Plaintiff to "state with particularity the
27   circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Putting aside the question of
     whether Plaintiff's Lanham Act claim is subject to Rule 9, Plaintiff's allegations are sufficiently
28   detailed and identify "the who, what, when, where, and how" of the alleged conduct under Rule
     9.  *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

United States District Court
Northern District of California

1    *v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001).

2    Defendants contend that, because Plaintiff alleges copyright infringement in the complaint,

3    the subject matter of Plaintiff's claims is photographs.  Dkt. No. 23 at 13–15.  Defendants contend

4    that step one of the preemption analysis is satisfied because photographs fall within the protective

5    scope of the Copyright Act.  *Id.*

6    a.   Infringement of the Right of Publicity (Claim Three)

7    Even though a "photograph itself . . . is subject matter protected by the Copyright Act,"

8    where "it is not the publication of the photograph itself, as a creative work of authorship, that is

9    the basis for [Plaintiffs'] claims, but rather, . . . the use of the [Plaintiffs'] likenesses and their

10   names" associated with the photograph, the subject of the claims is not a "work of authorship"

11   under the Act.  *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003–4 (9th Cir. 2001).

12   In pleading Plaintiff's claim for infringement of the right of publicity, the complaint

13   alleges that the "Infringed Images are photographs featuring the likeness of Plaintiff and of the

14   members of the Class.  The headers for the Instagram posts at issue also commonly featured the

15   Influencers' name and/or other identifying information."  Compl. ¶ 50.

16   Although Plaintiff's allegations in part involve the misappropriation of photographs, those

17   photographs are not the exclusive subject of Plaintiff's right of publicity claim.  Plaintiff's claim

18   additionally relies on information outside of the photographs, including Plaintiff's "name and/or

19   other identifying information" associated with Plaintiff's likeness.  *See id.* In *Maloney*, the Ninth

20   Circuit held that a "publicity-right claim is not preempted when it targets non-consensual *use* of

21   one's name or likeness on merchandise or in advertising."  *Maloney*, 853 F.3d at 1011 (emphasis

22   in original).  That holding is dispositive of Defendant's preemption argument here.

23   Defendant attempts to distinguish *Maloney*'s holding by contending that Plaintiff has only

24   alleged use of her likeness within an existing copyrightable work (i.e., a photograph).  Dkt. No. 34

25   at 8.   But that argument is inconsistent with the complaint, which alleges many times over that

26   Defendant misappropriated Plaintiff's likeness and identity in text, in addition to Plaintiff's

27   photographs.  *See* Compl. ¶¶ 49–51.

28   Here, because Plaintiff alleges an unlawful use of her likeness by Defendant, and further

United States District Court
Northern District of California

6

alleges the misappropriation of non-photographic elements of her likeness and identity, Plaintiff has asserted rights that are not equivalent to the rights of copyright holders. Therefore, the subject matter of Plaintiff's right of publicity claim does not fall within the subject matter of the Copyright Act. *See Downing*, 265 F.3d at 1004–5.

### b.  Contract Interference (Claim Four)

"Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (emphasis in original). If a state law contract claim "includes an extra element that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." *Id.* at 1089.

The complaint alleges that, pursuant to a contract between Plaintiff and LIKEtoKNOW.it, Plaintiff was "entitled to a portion of the revenue that LIKEtoKNOW.it received from sales resulting from social media users' use of the app in connection with [Plaintiff's] social media posts." Compl. ¶ 55. Plaintiff alleges that "Defendant intentionally removed the LIKEtoKNOW.it links from [Plaintiff's] Instagram pages as part of its unauthorized reposting of the Infringed Images to its own website." *Id.* ¶ 57.

The subject matter of Plaintiff's contract interference claim is not limited to the use of Plaintiff's copyrighted images. The contract claim additionally relies on the unauthorized removal of LIKEtoKNOW.it monetized links that were associated with the copyrighted images. Compl. ¶¶ 2, 57. The removal of those monetized links is a key component of Plaintiff's claim, and separate from the reproduction of Plaintiff's copyrighted images. For this reason, Plaintiff's contract interference claim is not preempted by the Copyright Act.

### c.  UCL (Claim Six)

The UCL "borrows violations of other laws and treats them as unlawful practices," and "makes [them] independently actionable." *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 950 (Ct. App. 2018) (internal quotation marks and citations omitted). Plaintiff alleges the same facts underlying her contract interference claim as the basis of her UCL claim, stating that "[b]ecause Defendant interfered with Plaintiff's and Class members' ability to

United States District Court
Northern District of California

profit from their contractual arrangement with LIKEtoKNOW.it, Plaintiff and Class members have lost money or property."  Compl. ¶ 70.

For the same reasons discussed above with respect to Plaintiff's contract interference claim, Plaintiff's UCL claim relies on additional rights separate from the infringement of Plaintiff's copyrighted images.  *See* Section IIIp(C)(i)(b), *supra*.  Therefore, to the extent Plaintiff's UCL claim relies upon Plaintiff's non-preempted state law claims, the UCL claim is also not preempted.  *See Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, No. C-07-0635 JCS, 2007 WL 1455903, at *9 (N.D. Cal. May 16, 2007) ("to the extent the UCL claim is based on tortious interference with contract, the claim is not preempted by the Copyright Act.").

### D.    Contract Interference Claim

A claim for contract interference requires that Plaintiff allege: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  *Popescu v. Apple Inc.*, 1 Cal. App. 5th 39, 51 (Ct. App. 2016).  Defendant contends that Plaintiff has (1) failed to sufficiently allege the existence of a valid contract, because no contract is attached to the complaint and the complaint does not specify specific contract terms, and (2) failed to allege how the Defendant's conduct was "designed to induce a breach or disruption" of the contract.  Dkt. No. 23 at 19.

The complaint alleges that:

> Plaintiff and members of the Class are parties to a standardized contract with LIKEtoKNOW.it, titled "Influencer End User License Agreement and Terms of Service Agreement."  Pursuant to the contract, Class members were entitled to a portion of the revenue that LIKEtoKNOW.it received from sales resulting from social media users' use of the app in connection with Class members' social media posts.
> Defendant had knowledge of the existence of the contract between Class members and LIKEtoKNOW.it.  Defendant further had general knowledge of the common industry practice of affiliate marketing through companies such as LIKEtoKNOW.it.
> Defendant intentionally removed the LIKEtoKNOW.it links from Class members' Instagram pages as part of its unauthorized reposting of the Infringed Images to its own website.  These actions prevented the performance of the parties' contract or made performance of that

1

> contract more expensive or difficult.
> Defendant's actions were intentional in that Defendant intended to disrupt the performance of the parties' contract and/or knew that disruption of performance was certain or substantially certain to occur.

Compl. ¶¶ 55–58.

These allegations are sufficient to state a claim for intentional interference. Plaintiff is not required to attach a copy of the contract to her complaint, and Plaintiff's allegations plausibly allege every element of the claim. The alleged conduct raises the plausible inference that Defendant, knowing about Plaintiff's contract with LIKEtoKNOW.it, disrupted that contract by misappropriating Plaintiff's images and likeness in order to funnel users to Defendant's website.

### E. Copyright Infringement Claim

Defendant additionally contends that Plaintiff failed to properly plead a claim for copyright infringement because Plaintiff does not identify the specific photographs Defendant allegedly publicly displayed without her permission or allege that she submitted a complete application for their registration prior to initiating suit. Dkt. No. 23 at 21.

Plaintiff alleges, in relevant part, that:

> Plaintiff and members of the Subclass post copyrightable photographs that they create and own to Instagram and other social media platforms.
> Plaintiff and members of the Subclass either hold a copyright registration certificate from the United States Copyright Office or have applied for a registration certificate.
> Through their conduct alleged herein, Defendant has infringed Plaintiff's and the Subclass members' copyright in their photographs.

Compl. ¶¶ 41–43. Plaintiff alleges that this use of Plaintiff's images spanned between the summer of 2017 and April 2018. *Id.* ¶¶ 16, 19. Plaintiff seeks, among other remedies, statutory damages for each infringed image. *Id.* ¶ 45.

The Copyright Act states that:

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
> **(1)** any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> **(2)** any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first

United States District Court
Northern District of California

publication of the work.

17 U.S.C.A. § 412.  Defendant cites to *Wright v. Buzzfeed, Inc.*, No. 218CV02187CASAFMX, 2018 WL 2670642 (C.D. Cal. June 4, 2018), and *McGucken v. Chive Media Grp., LLC*, No. CV 18-01612-RSWL-KS, 2018 WL 3410095 (C.D. Cal. July 11, 2018), for the proposition that, because Plaintiff has not alleged registration dates of the infringed works, Plaintiff has failed to make a prima facie showing of eligibility for statutory damages.  Dkt. No. 34 at 13–15.

Plaintiff's allegations here raise the plausible inference that Plaintiff's copyright registration satisfies the requirements of section 412.  Unlike *Wright*, in which the plaintiff's copyright registration dates fell outside of the statutory damages window, Plaintiff has not precluded the availability of statutory damages in her pleadings.  *Wright*, 2018 WL 2670642 at *3–4.  And unlike *McGucken*, in which the plaintiff alleged no information about the date of registration of his copyrights or the dates of infringement, Plaintiff has alleged dates of infringement and further alleged that "Plaintiff and members of the Subclass either hold a copyright registration certificate from the United States Copyright Office or have applied for a registration certificate."  *Compare McGucken*, 2018 WL 3410095 at *5 *with* Compl. ¶ 42.  Clearly, to survive summary judgment on her individual claim for statutory damages and to serve as a class representative under Rule 23(a), Plaintiff must establish copyright registration dates that satisfy section 412.  But at the pleading stage, Plaintiff has plausibly alleged facts sufficient to support her claim for statutory damages and attorneys' fees.  The Court therefore DENIES Defendant's motion to dismiss Plaintiff's prayer for statutory damages and attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss in its entirety.

**IT IS SO ORDERED.**

Dated:  2/7/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge