KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
BEVAN A. DOWD - # 308611
bdowd@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
POPSUGAR INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NITA BATRA,<br><br>              Plaintiff, on behalf of herself<br>              and all others similarly situated,<br><br>     v.<br><br>POPSUGAR INC., a Delaware corporation.<br><br>              Defendant. | Case No. 4:18-CV-03752-HSG<br><br>**ANSWER TO CLASS ACTION COMPLAINT**<br><br>Judge:        Hon. Haywood S. Gilliam, Jr.<br><br>Date Filed:  June 25, 2018<br><br>Trial Date:  August 3, 2020<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts. Defendant POPSUGAR Inc. ("POPSUGAR") need not admit or deny legal conclusions or arguments. However POPSUGAR affirmatively denies that it: (i) violated the Digital Millennium Copyright Act ("DMCA") or the Lanham Act; (ii) infringed upon Plaintiff Nita Batra's ("Plaintiff") or the proposed class members' or subclass members' intellectual property (i.e. copyrights or publicity rights); (iii) tortuously interfered with contract; or (iv) violated the California Unfair Competition Law ("UCL"). As a result, Plaintiffs should be denied all of the relief that she requests on her behalf or on behalf of the proposed classes. To the extent any headings in the Complaint contain allegations requiring a response, they are expressly denied.

**INTRODUCTION**

1. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that she and other influencers work with LIKEtoKNOW.it and on that basis denies it. POPSUGAR admits that: (1) in general, some companies promote their products through social media; (2) some "influencers" monetize their own online content; and (3) in general, some influencers monetize their social media presence such that they earn compensation from certain online transactions. POPSUGAR denies all other allegations contained in Paragraph 1.

2. POPSUGAR admits that: (1) POPSUGAR formerly owned ShopStyle and (2) in April 2018 ShopStyle announced that it would terminate a contractual relationship with POPSUGAR. POPSUGAR denies all other allegations contained in Paragraph 2 including the legal conclusions contained therein.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that a response is required, POPSUGAR denies the allegations contained in Paragraph 3.

4. POPSUGAR denies the allegations contained in Paragraph 4.

### JURISDICTION AND VENUE

5.  Paragraph 5 contains a legal conclusion to which no response is required.

6.  Paragraph 6 contains a legal conclusion to which no response is required.

7.  Paragraph 7 contains a legal conclusion to which no response is required. To the extent that a response is required, POPSUGAR admits that it does business in California. POPSUGAR denies any remaining allegations in Paragraph 7.

### INTRADISTRICT ASSIGNMENT

8.  Paragraph 8 contains a legal conclusion to which no response is required.

### PARTIES

9.  POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and on that basis denies them.

10. Defendant's name is "POPSUGAR Inc." POPSUGAR otherwise admits the allegations in Paragraph 10.

### FACTS

11. POPSUGAR admits that: (1) marketing and advertising on Instagram, Facebook, and YouTube are important to at least some companies and individuals; (2) at least some brands, including some fashion and lifestyle brands, promote their products through partnerships with influencers; and (3) in some instances an influencer's endorsement or use of a product could increase public awareness of that product and lead to increased sales. POPSUGAR denies all other allegations contained in Paragraph 11.

12. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and on that basis denies them.

13. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 and on that basis denies them.

14. POPSUGAR admits: (1) it is a global media-and-technology company; (2) in 2018, it reached 1 in 2 millennial females in the U.S.; (3) POPSUGAR was founded in 2006; (4) in 2018 POPSUGAR had over 27 million fans and followers; (5) POPSUGAR maintains an office in London; and (6) POPSUGAR purchased ShopStyle in 2007. POPSUGAR admits that it

1  currently has at least three offices in the United States. POPSUGAR denies any other allegations
2  in Paragraph 14.
3      15.  POPSUGAR admits that it operates the website popsugar.com. POPSUGAR lacks
4  the knowledge or information sufficient to form a belief about the truth of the allegation in the
5  second sentence of Paragraph 15 and on that basis denies it.  POPSUGAR denies any other
6  allegations in Paragraph 15.
7      16.  Paragraph 16 contains legal conclusions to which no response is required.  To the
8  extent that a response is required, POPSUGAR denies the allegations contained in Paragraph 16.
9      17.  POPSUGAR denies the allegations contained in Paragraph 17.
10     18.  POPSUGAR admits it sold ShopStyle. The allegation that POPSUGAR continued
11 to use ShopStyle is vague and ambiguous and POPSUGAR denies it on that basis. POPSUGAR
12 denies the remaining allegations contained in Paragraph 18.
13     19.  The allegations of Paragraph 19 are vague and ambiguous and POPSUGAR denies
14 them on that basis.
15     20.  POPSUGAR lacks the knowledge or information sufficient to form a belief about
16 the truth of the allegation related to the public statement attributed to "LIKEtoKNOW.it" and on
17 that basis denies it.  POPSUGAR denies all other allegations contained in Paragraph 20, which
18 also contains legal conclusions that do not require a response.
19     21.  POPSUGAR admits that it had a contractual relationship with ShopStyle that
20 ShopStyle terminated in April/May 2018. POPSUGAR lacks the knowledge or information
21 sufficient to form a belief about the truth of the remaining allegations of Paragraph 21 and on that
22 basis denies them.
23     22.  POPSUGAR admits that Brian Sugar sent a tweet on April 17, 2018.  POPSUGAR
24 denies all other allegations contained in Paragraph 22.
25     23.  POPSUGAR admits that Paragraph 23 accurately quotes Mr. Sugar's April 17,
26 2018 tweet.

24. Because Paragraph 24 does not contain a factual allegation, no response is required. To the extent Paragraph 24 can be read to contain factual allegations, POPSUGAR denies them.

25. POPSUGAR admits that it has not provided Plaintiff with any compensation related to the events described in the Complaint. POPSUGAR denies the allegation that it has not provided any compensation for members of the class described in Paragraph 27. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 25 and on that basis denies them.

## CLASS ACTION ALLEGATIONS

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent Paragraph 26 contains factual allegations, POPSUGAR denies them.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent Paragraph 27 contains factual allegations, POPSUGAR denies them.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent Paragraph 28 contains factual allegations, POPSUGAR denies them.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent Paragraph 29 contains factual allegations, POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent Paragraph 30 contains factual allegations, POPSUGAR denies them.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent Paragraph 31 contains factual allegations, POPSUGAR denies them.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent Paragraph 32 contains factual allegations, POPSUGAR denies them.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent Paragraph 33 contains factual allegations, POPSUGAR denies them.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent Paragraph 34 contains factual allegations, POPSUGAR denies them.

## FIRST CLAIM FOR RELIEF
### (Removal and/or Alteration of Copyright Management Information)

35. POPSUGAR incorporates by reference its answers and responses to Paragraphs 1-34.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent Paragraph 36 contains factual allegations, POPSUGAR denies them.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent that a response is required, POPSUGAR denies the allegations contained in Paragraph 37.

38. POPSUGAR denies the allegations contained in Paragraph 38.

39. Because Paragraph 39 does not contain a factual allegation, no response is required.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

40. POPSUGAR incorporates by reference its answers and responses to Paragraphs 1-39.

41. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 and on that basis denies them.

42. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 and on that basis denies them.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent Paragraph 43 contains factual allegations, POPSUGAR denies them.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent Paragraph 44 contains factual allegations, POPSUGAR denies them.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent Paragraph 45 contains factual allegations, POPSUGAR denies them.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent Paragraph 46 contains factual allegations, POPSUGAR denies them.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent Paragraph 47 contains factual allegations, POPSUGAR denies them.

### THIRD CLAIM FOR RELIEF
### (Infringement of the Right of Publicity)

48. POPSUGAR incorporates by reference its answers and responses to Paragraphs 1-47.

49. Because Paragraph 49 does not contain a factual allegation, no response is required.

50. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and on that basis denies them.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent Paragraph 51 contains factual allegations, POPSUGAR denies them.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent Paragraph 52 contains factual allegations, POPSUGAR denies them.

53. POPSUGAR denies any allegations contained in Paragraph 53.

### FOURTH CLAIM FOR RELIEF
### (Intentional Interference with Contractual Relations)

54. POPSUGAR incorporates by reference its answers and responses to Paragraphs 1-53.

55. POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 and on that basis denies them.

56. POPSUGAR denies that it had knowledge of the existence of a contract between all members of the proposed class and LIKEtoKNOW.it. The remaining allegations of Paragraph 56 are vague and ambiguous and on that basis POPSUGAR denies them.

57. POPSUGAR denies the allegations contained in Paragraph 57.

58. POPSUGAR denies the allegations contained in Paragraph 58.

59.     POPSUGAR lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 and on that basis denies them.

### FIFTH CLAIM FOR RELIEF
### (Violation of the Lanham Act)

60.     POPSUGAR incorporates by reference its answers and responses to Paragraphs 1-59.

61.     Because Paragraph 61 does not contain a factual allegation, no response is required.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent Paragraph 62 contains factual allegations, POPSUGAR denies them.

63.     Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 63 is vague and ambiguous and POPSUGAR denies the allegations on that basis.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent Paragraph 64 contains factual allegations, POPSUGAR denies them.

65.     Paragraph 65 contains legal conclusions to which no response is required. To the extent Paragraph 65 contains factual allegations, POPSUGAR denies them.

66.     Paragraph 66 contains legal conclusions to which no response is required. To the extent Paragraph 66 contains factual allegations, POPSUGAR lacks sufficient information or knowledge to form a belief about them and on that basis denies them.

67.     Paragraph 67 contains legal conclusions to which no response is required. To the extent Paragraph 67 contains factual allegations, POPSUGAR denies them.

68.     Paragraph 68 contains legal conclusions to which no response is required. To the extent Paragraph 68 contains factual allegations, POPSUGAR denies them.

### SIXTH CLAIM FOR RELIEF
### (California Business & Professions Code §§ 17200 et seq.)

69.     POPSUGAR incorporates by reference its answers and responses to Paragraphs 1-68.

70. Paragraph 70 contains legal conclusions to which no response is required.  To the extent Paragraph 70 contains factual allegations, POPSUGAR lacks sufficient information or knowledge to form a belief about them and on that basis denies them.

71. Paragraph 71 contains legal conclusions to which no response is required.  To the extent Paragraph 71 contains factual allegations, POPSUGAR denies them.

72. Paragraph 72 contains legal conclusions to which no response is required.  To the extent Paragraph 72 contains factual allegations, POPSUGAR denies them.

## RESPONSE TO PRAYER FOR RELIEF

POPSUGAR denies that Plaintiff and/or members of the classes described in the Complaint are entitled to the requested judgement or any of the relief described in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

POPSUGAR expressly reserves the right to amend, withdraw, supplement, modify, or plead additional affirmative defenses and other defenses should such defenses be revealed by any discovery in this case.  POPSUGAR asserts the following defenses without assuming the burden of proof as to any issue that otherwise would rest with Plaintiff.  All such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE
### Failure to state a claim

Batra fails to state a claim for any of the causes of action contained in the Complaint with respect to Batra and/or members of the proposed classes.

### SECOND AFFIRMATIVE DEFENSE
### Failure to plead eligibility for statutory damages

Batra has failed to plead facts sufficient to allege that she and/or members of the proposed classes are eligible to recover statutory penalties under the Copyright Act, the Digital Millennium Copyright Act, and section 3344 of the California Civil Code.

### THIRD AFFIRMATIVE DEFENSE
### Innocent infringement/conduct

POPSUGAR was not aware and had no reason to believe that its acts constituted an infringement of copyright, the Digital Millennium Copyright Act, the Lanham Act, section 3344 of the California Civil Code, California's constitutional privacy right, or the California Unfair Competition Law, or that it was interfering with a contract.

### FOURTH AFFIRMATIVE DEFENSE
### Deductible expenses

To the extent Batra seeks to recover gross profits, POPSUGAR incurred deductible expenses in the course of realizing those profits, and those expenses are not recoverable as damages.

### FIFTH AFFIRMATIVE DEFENSE
### Preemption

The Copyright Act preempts Batra's state-law claims.

### SIXTH AFFIRMATIVE DEFENSE
### Statute of limitations

The claims of some members of the proposed classes are barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver/Consent

Batra's and proposed class members' claims are barred, in whole or in part, by the doctrines of waiver and/or consent.

### EIGHTH AFFIRMATIVE DEFENSE
### License

With respect to at least some of the images at issue, the alleged conduct is permitted under express and/or implied licenses granted by Batra and/or the members of the proposed classes. POPSUGAR incorporates by reference its Seventh Affirmative Defense.

### NINTH AFFIRMATIVE DEFENSE
### Laches

Batra's and the proposed class members' claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE
### Doctrine of payment

The claims of some members of the proposed classes are barred by the doctrine of payment.

### ELEVENTH AFFIRMATIVE DEFENSE
### Speculative damages

Batra's prayer for damages includes speculative damages that cannot be awarded as a matter of law and/or the distribution of which would be inequitable.

### TWELFTH AFFIRMATIVE DEFENSE
### No basis for punitive damages

Batra fails to allege facts sufficient to support her prayer for punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Foreign law

Foreign law (both the law of foreign countries and non-California U.S. law) bars the claims of certain members of the proposed classes, as well as certain of Batra's state-law claims.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Conduct not willful

POPSUGAR's conduct was not willful.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Unclean hands

The claims, as asserted by Batra and/or members of the proposed class, are barred by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Equitable estoppel

The claims, as asserted by Batra and/or members of the proposed class, are barred by the doctrine of equitable estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Legal remedy adequate

The Complaint's request for equitable relief is barred because a legal remedy is sufficient.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**Improper plaintiff/lack of standing**

Batra and/or members of the proposed classes are improper plaintiffs including without limitation because they lack valid assignments and/or licenses to prosecute the First and Second Causes of Action.

### NINETEENTH AFFIRMATIVE DEFENSE
**Settlement/release**

The claims of some members of the proposed classes are barred by settlement and/or a release of claims.

### TWENTITH AFFIRMATIVE DEFENSE
**Nominative fair use**

Batra and proposed class members' claims are barred by the doctrine of nominative fair use.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**Failure to identify contract**

Batra and proposed class members' contract-interference claim is barred by their failure to identify the contract term with which POPSUGAR allegedly interfered.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**Fair use**

POPSUGAR's alleged conduct constitutes fair use, because, on information and belief, the Photographs had been published prior to the alleged infringement; at least some of the allegedly infringed Photographs were thumbnails and thus the use was insubstantial; and because the Photographs were publicly available, the alleged publication had no impact on the market for the Photographs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**Failure to arbitrate**

Some members of the proposed classes are parties to arbitration agreements with POPSUGAR, barring them from asserting claims in this action.

### PRAYER FOR RELIEF

POPSUGAR prays as follows:

A. That the Complaint be dismissed with prejudice and judgment entered for POPSUGAR;

B. That POPSUGAR be awarded costs, expenses, and disbursements incurred in defending this action;

C. That POPSUGAR be awarded attorneys' fees incurred in defending this action;

D. That POPSUGAR be awarded any pre- or post-judgment interest to which it may be entitled by law; and

E. That the Court award POPSUGAR any other relief it may deem just and proper.

### JURY TRIAL

POPSUGAR demands trial by jury on all claims so triable.

Dated: March 1, 2019                                KEKER, VAN NEST & PETERS LLP

By: /s/ Benedict Y. Hur
BENEDICT Y. HUR
TRAVIS SILVA
BEVAN A. DOWD

Attorneys for Defendant
POPSUGAR INC.