UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| NITA BATRA, et al., | ) | Case No. 18-cv-03752-HSG |
| | ) | |
| Plaintiffs, | ) | Oakland, California |
| | ) | Tuesday, February 26, 2019 |
| vs. | ) | Courtroom 2, Fourth Floor |
| | ) | |
| POPSUGAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| ZOHA MEMARI, et al., | ) | Case No.:  18-cv-05589-HSG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POPSUGAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| BRITTANI FRIEDMAN, | ) | Case No.:  18-cv-06623-HSG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POPSUGAR, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TRANSCRIPT OF CASE MANAGEMENT CONFERENCE
BEFORE THE HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT COURT JUDGE

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES:

For Plaintiff Batra:          JONATHAN M. ROTTER, ESQ.
                              Glancy Prongay & Murray LLP
                              1925 Century Park East, Suite 2100
                              Los Angeles, California 90067
                              (310) 201-9150

For Plaintiffs Memari,        JAMES H. FREEMAN, ESQ.
Torrez, Berenson, Annie       Liebowitz Law Firm, PLLC
Traschel, Robin Traschel,     11 Sunrise Plaza, Suite 305
Roberson, and Phan:           Valley Stream, New York 11580
(Telephonically)              (516) 233-1660

For Plaintiff Friedman:       JUSTIN M. GOMES, ESQ.
(Telephonically)              Doniger Burroughs
                              603 Rose Avenue
                              Venice, California 90291
                              (310) 590-1820

For Defendant:                BENEDICT Y. HUR, ESQ.
                              BEVAN A. DOWD, ESQ.
                              Keker, Van Nest and Peters, LLP
                              633 Battery Street
                              San Francisco, California 94111
                              (415) 391-5400

Transcription Service:        Peggy Schuerger
                              Ad Hoc Reporting
                              2220 Otay Lakes Road, Suite 502-85
                              Chula Vista, California 91915
                              (619) 236-9325

OAKLAND, CALIFORNIA  TUESDAY, FEBRUARY 26, 2019  1:59 P.M.

--oOo--

(Call to order of the Court.)

THE CLERK:  And we're calling C-18-3752, Batra v. PopSugar, Inc.; C-18-5589, Memari v. PopSugar, Inc.; and 18-6623, Brittani Friedman v. PopSugar, Inc., et al.

Please step forward and state your appearances for the record, please, as well as the appearances on the phone line.

MR. ROTTER:  Good afternoon, Your Honor.  Jonathan Rotter for Plaintiff Nita Batra.

THE COURT:  Good afternoon, Mr. Rotter.

MR. FREEMAN:  James Freeman on behalf of Plaintiffs Zoha Memari, Kelly Torrez, Robin Berenson, Annie Traschel, Robin Traschel, Amanda Roberson, and Eva Phan.

THE COURT:  Good afternoon.

MR. GOMES:  Good afternoon, Your Honor. Justin Gomes on behalf of Plaintiff Brittani Friedman.

THE COURT:  Good afternoon.

MR. HUR:  Good afternoon, Your Honor.  Ben Hur from Keker, Van Nest & Peters for Defendant PopSugar, here with my colleague Bevan Dowd.

THE COURT: Good afternoon, Mr. Hur.  So I looked at the joint case management statement that you filed and it seems to be a reasonable take in how to coordinate the various cases.

So it looks like with regard to the Batra case, the parties

already have a mediation date set; is that right?

MR. ROTTER: We do, Your Honor, yes. March 14th with Judge Gandhi.

MR. HUR: Yes.

THE COURT: All right. And then with regard to the other two cases, the proposal was for it looks like a settlement discussion in either May or June.

Do the parties in each of those contemplate that that would be a magistrate judge settlement conference referral? That's what I gathered.

MR. HUR: Yes, Your Honor. That's what Defendant PopSugar is hoping to have, and I believe the Plaintiffs were in agreement on that.

THE COURT: Is that right?

MR. FREEMAN: Yes. That is -- for Memari, yes, we're in agreement with a magistrate judge, Your Honor.

THE COURT: All right. And so obviously always with a magistrate judge settlement referral, the calculus in my mind is on the one hand, it may -- especially if the parties have thought about it -- it may be likely to maximize the possibly of actually settling.

The flip side is they're very busy and we in many cases need them to jump into settlement conferences when cases are getting closer to trial. So I'm having to trust that when the parties have thought this through, you're doing it because there's a

legitimate chance of resolution. I don't ask for guarantees, but I also would not want it to come back and have it -- have it be clear that there just wasn't much chance of the case settling, given the magistrate judge's time is very valuable.

MR. HUR: Yes, Your Honor, absolutely understood. And we recognize the scarcity of time for the magistrates. We also recognize they're very good at settling cases and think it would be productive.

Your Honor, if Your Honor were to order us to schedule something like that, we also -- at least on behalf of Defendant -- would be happy to report back if things change such that we thought that date needed to move to better the chances of settlement. We're of course happy to work with the Court to ensure that those resources are not expended unnecessarily.

THE COURT: All right. Do the parties have any preference as to who you, in an ideal world, would have assigned? I can always do a general assignment and even a requested assignment to a particular magistrate judge will depend on the availability of her or his calendar. But have the parties talked about someone who you think would be especially well-suited to the case?

MR. HUR: Your Honor, we have not discussed a specific magistrate. We certainly could do so. I mean, in my experience, really they all seem to be very good at this. So on behalf of the Defendant, we'd be happy with any of them.

THE COURT: All right. And Plaintiffs as well?

MR. GOMES: Yes, with respect to Friedman.

MR. FREEMAN: And with respect to Memari, the same.

THE COURT: All right. Well, I will make the referral to a Magistrate Judge to be assigned at the convenience of the judges' calendar and we'll proceed from there.

Now, is there -- is it the idea that Memari and Friedman would need to be staggered for some reason, or could they be coordinated? It certainly makes sense for the same judge to do both. Is there some thought that they would need to be done at different times?

MR. FREEMAN: For Memari, Your Honor, we have no objection to it being coordinated.

MR. GOMES: No objection from Friedman either, Your Honor.

MR. HUR: Your Honor, I think that makes sense for them to be coordinated.

THE COURT: All right. Well, why don't we -- I'll make the referral in each case and then maybe put something in the order that the parties -- and I think certainly at least as an initial matter, when the planning is going on, it makes sense for everyone to be on the phone and you can confirm with the assigned judge that having everything coordinated at once makes sense or talk about any nuances. But it sounds to me as though it probably is sufficient from everyone's perspective to do them at the same

time.

MR. HUR: That makes sense, Your Honor.

THE COURT: Okay. So I'll make that referral. The only discovery-type dispute that I saw is there's a question as to whether the Defendant ought to produce everything to everyone or whether there's discovery in the individual cases. If that really becomes a dispute, I would refer it to a magistrate judge. But what the Defendant was saying didn't sound unreasonable to me. I just don't know that necessarily the discovery in the class action is the same as the discovery in the individual actions, and the individual actions -- if they involve different people. I just don't see any reason that inherently there would be one sort of mass discovery. So you can take that inclination and if it is still a dispute that is live and tee it up in a discovery letter brief and I'll refer it.

MR. HUR: Understood, Your Honor.

THE COURT: All right. And then the only other thing was -- that I had on my agenda was the schedule and, overall, it looked fine. Obviously, if we've got three sequential cases to deal with, it stretches it out some, but it looks like Batra would be proposed as the first to go in July of next year and then Friedman would be September and Memari would be October.

But the only trick will be, if these actually go, the one thing that is compressed at the end is the time between the pretrial conference -- well, actually it looks fine -- so it's

about two or three weeks between the pretrial conference and the trial in each case.

And it's the thought that there would be one summary judgment proceeding that would be common to all three cases?

MR. HUR: Your Honor, in all likelihood, I think Defendant would want to file at least a summary judgment with respect to the class case and then one with respect to the individual cases. Certainly a lot of it will overlap, and we will not be duplicative, but we would anticipate filing at least two motions.

THE COURT: All right. It would be at the same time across all the cases is the thought?

MR. HUR: Yes, Your Honor.

THE COURT: I see. That seems reasonable to me. Anything further? I would be inclined to just -- to enter the proposed schedule that the parties proposed. It looked well thought through and seemed reasonable.

MR. HUR: Your Honor, nothing more on the schedule. PopSugar does have a motion to dismiss that was denied as moot in the Friedman case. I think in light of Your Honor's order, a lot of what we have in that motion would no longer be live, assuming that -- we will of course assume for the purposes of the current state of affairs that we would get the same ruling.

There are, however, a couple of additions that were not adjudicated that would still be live, and so what PopSugar

proposes is filing a short order -- a streamlined version of that motion that only addresses the new matters.

THE COURT: That seemed reasonable to me, as long as it's not duplicative or already ruled on. I guess the trick will be to get it on file as soon as possible and set it up to be heard as soon as possible because I wouldn't want to alter the schedule based on the pendency of the motion to dismiss.

MR. HUR: Understood, Your Honor. And we wouldn't be asking for that.

THE COURT: All right. That seems fine. Any complaint about that idea from anyone?

MR. ROTTER: No, Your Honor.

MR. FREEMAN: No, Your Honor.

MR. GOMES: No, Your Honor.

THE COURT: I guess it only pertains to the Friedman folks in the first instance, but that seems fine. Why don't you just plan to get that on file when you can and you can notice it normally.

MR. HUR: Yes, Your Honor. Will do.

THE COURT: All right. Okay. Anything else for today? That was all I had on my list.

MR. ROTTER: None from Batra, Your Honor.

MR. HUR: None from Defendant, Your Honor.

MR. FREEMAN: And not from Memari, et al., Your Honor.

MR. GOMES: Nothing from Friedman either, Your Honor.

THE COURT: All right. So from my side, look for the scheduling order and the Magistrate Judge settlement conference referral orders, and from your side I'll look for the motion to dismiss and we'll go from there.

MR. HUR: Thank you, Your Honor.

MR. ROTTER: Thank you, Your Honor.

THE COURT: You're welcome.

MR. GOMES: Thank you, Your Honor.

MR. FREEMAN: Thank you, Your Honor.

(Proceedings adjourned at 2:09 p.m.)

I, Peggy Schuerger, certify that the foregoing is a correct transcript from the official electronic sound recording provided to me of the proceedings in the above-entitled matter.

_____        July 18, 2019
Signature of Approved Transcriber        Date

Peggy Schuerger
Typed or Printed Name
**Ad Hoc Reporting**
Approved Transcription Provider
for the U.S. District Court,
Northern District of California